16217

WILLCOX v. RIVERVIEW MEMORIAL PARK, INC., *ET AL.*
ANDERSON v. WILLCOX *ET AL.*

(53 S. E. (2d) 648)

*Messrs. Legge & Gibbs and J. C. Long,* of Charleston, *for Appellant, cite:*

*Messrs. E. L. Willcox and Mitchell & Horlbeck,* of Charleston, *in propria persona, Respondents, cite:*

May 23, 1949.

PER CURIAM.

The following is the agreed "Statement" in the record:

"This action was commenced in the Court of Common Pleas for Charleston County on August 29, 1944. It was brought by the petitioner, E. L. Willcox, on behalf of himself and all other stockholders of Riverview Memorial Park, Inc., owner and developer of a cemetery near the City of Charleston, against the corporation, Riverview Memorial Park, Inc. (which for brevity is hereinafter called "the corporation") and Vincent Chicco, holder and owner of three mortgages covering the corporation's property, for the purpose of having a receiver appointed for the corporation. Chicco had commenced a suit to foreclose his mortgages.

"Arthur E. Anderson was appointed receiver of the corporation by an order of the Court of Common Pleas for Charleston County dated the 2nd day of September, 1944, and took over the management of its property and affairs. The said order appointing the receiver enjoined all creditors (other than defendant Chicco, the mortgage creditor) from prosecuting their claims by suit or otherwise except in this proceeding. No notice was published or any advertisement made by the receiver for creditors to file their claims with the receiver or otherwise until August, 1948. Chicco, after an interval of about three (3) years, proceeded with the foreclosure of the mortgages of the corporation's property. The foreclosure resulted in the sale of the property for the sum of $30,500.00, and there was paid to the receiver the sum of $9,933.66, the balance of the sale price remaining after

payment of the mortgage indebtedness, attorneys' fees and costs.

"Thereafter, in August, 1948, the receiver, after four years of operation, petitioned the Court for an order calling upon all creditors to file claims with the receiver. Upon this petition Hon. J. Frank Eatmon issued an order dated August 10, 1948, requiring all claimants against the corporation and the receivership to file their claims with the receiver, directing the receiver to give notice to such claimants of the order requiring the filing of such claims by mailing notice to all claimants known to the receiver to have claims and by publication once a week for two weeks in the News & Courier, and referring such claims as might be filed to Nathan Rosen, Master for Charleston County, for determination.

"As required by said order of August 10, 1948, and the receiver's notice published and given pursuant thereto calling upon creditors to file their claims with him, the claimants-respondents, E. L. Willcox and Mitchell & Horlbeck, filed with the receiver on the 31st day of August, 1948, their itemized claim in writing in the sum of Three Thousand ($3,000.00) Dollars for professional legal services rendered the corporation prior to the receivership.

"Thereafter, a reference was held and testimony introduced before the said Master for the determination of claims. At this reference the receiver contended that the claim of E. L. Willcox and Mitchell & Horlbeck was for services rendered in the years 1939 to 1941 and was therefore barred by the statute of limitations, assigning as the ground that no claim had been filed within six years after the completion of the services, but the receiver admitted of record as follows:—'We are not at this time questioning the propriety or the amount of the bill, because we conceive that this legal question should be disposed of first; if the claim is allowed, there is a claim, but if barred, then there is no claim.'

"The Master for Charleston County, in his report dated November 16, 1948, held that the claim was not barred by the statute of limitations but further held that the claimants were estopped from claiming more than $500.00 as more fully and particularly set forth in the Master's report.

"Both the claimants and the receiver excepted to the Master's report as appears in the exceptions hereinafter printed.

"These exceptions were heard by Hon. Wm. H. Grimball, Judge of the Ninth Judicial Circuit. By his order dated December 24, 1948, Judge Grimball sustained the exceptions of the claimants to the Master's report and directed that their claim be allowed in the sum of $3,000.00."

As a supplement to the Transcript of Record, this Court permitted to be printed and filed as a part thereof, the minutes of special meeting of the stockholders of the Riverview Memorial Park, Inc., held at the office of J. C. Long, Esq., 88 Broad Street, Charleston, S. C., on August 24, 1944. This supplement was permitted by reason of certain facts set forth in the brief of the respondents, which facts as alleged in the said brief are outside of the record and tend to reflect on Mr. Long, as he views the matter. Mr. Long is the principal common stockholder in the corporation involved, but irrespective of the allowance or disallowance of the respondents' claim his situation will not be affected. He has lost his entire investment for stock in the corporation. His sole interest in this case is his desire to protect the preferred stockholders of the corporation, and he is not in this class.

The "Questions Involved" in this appeal, as stated in the appellant's brief, are as follows:

"1. Is the claim of the respondents, as filed for $3,000.00, barred by the statute of limitations?

"2. Is the claim of the respondents for any fee in excess of the sum of $500.00, the amount of their fee as disclosed by the statement of the corporation filed with the petition

for the appointment of the receiver, barred by the statute of limitations?

"3. Are the respondents estopped from claiming a fee in excess of the sum of $500.00, the amount of their fee as disclosed and set forth in the statement of the corporation filed with the petition for the appointment of the receiver?"

Paragraph 4 of the petition for the appointment of a receiver alleged that, "The Company is in imminent danger of insolvency, if indeed it is not already insolvent, as will appear from the attached statement of the Company's condition as of July 31, 1944." At that time, Mr. Wilcox was associated in the practice of law with the firm of Messrs. Mitchell & Horlbeck, his co-respondents, and all legal services which had been rendered the Company by the respondents, and for which in 1948 the respondents filed a claim with the receiver in the sum of $3,000.00, were those of Mr. Willcox in his association with his said co-repondents. In two places in the statement attached to the verified petition on which the receivership had been granted, the sum of $500.00 was alleged to be due Messrs Mitchell & Horlbeck. It is not contended that the Company could have been indebted to Messrs. Mitchell & Horlbeck for anything other than legal services and the legal services rendered by Mr. Willcox during the years 1939, 1940 and 1941.

When the petition in receivership was prepared at the instance of Mr. Willcox, as a stockholder, and verified by him, it was then thought that the amount of any fee due to him and Messrs. Mitchell & Horlbeck was immaterial in that it was always the understanding of Mr. Willcox that he would be paid "if, as and when there were ever any funds to pay me (him) with," and it was not then anticipated or hoped for that the corporation would ever have any funds out of which to pay any portion of this fee. And as we interpret the "understanding" of Mr. Willcox in reference to fees for his services, unless there are funds remaining on hand after all other creditors of the corporation are paid, he and his asso-

ciates are not entitled to collect any portion of such fee as may be finally allowed.

The order appointing a receiver for the corporation did not specify any time in which claims were to be filed with the receiver, and the receiver did not advertise for claims. It did require creditors to prove their claims with the receiver, but enjoined them from prosecuting their claims by suit or otherwise except in this proceeding. In a later order, to wit, on August 10, 1948, creditors were required to file their claims on or before September 1, 1948, and the respondents complied with this order.

We think that the receiver under the circumstances here, cannot plead that the statute of limitations bars the claim of the respondents, especially in the light of Section 363 of the Code of 1942, which provides: "When the commencement of an action shall be stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition shall not be part of the time limited for the commencement of the action."

The books of the corporation indicated that it was indebted to Messrs. Mitchell & Horlbeck in the sum of $500.00, and this item was shown as an indebtedness of the corporation in the statement of its liabilities attached to the petition for receivership. However, it appears that neither of the respondents had ever designated any fee certain for their services prior to the filing of their claim with the receiver in August, 1948.

Although the reasonableness of respondents' fee was not an issue before the lower Court, nor is it an issue on this appeal, yet the fund in the hands of the receiver being under the control of the Court, it has plenary power to make full inquiry into the justness of any claim against such fund, and this case is therefore remanded to the Circuit Court for the purpose of establishing the amount of a reasonable fee, in the light of surrounding conditions, for the respondents' services, which cannot be determined from the

present record. Thus far, no explanation satisfactory to this Court has been given for the apparent acquiescence of the respondents in the amount of the fee as shown by the statement of the liabilities of the corporation when the verified petition for a receiver was filed, and the greater fee of $3,000.00 now claimed by them. Therefore, so much of the order appealed from as directs the Master in Equity for Charleston County to allow the claim of the respondents in the sum of $3,000.00 is set aside.

Remanded.